URIAH HENDRICKS v. JOSEPH W. BOUCK, impleaded with others.

Where a demurrer is sustained, with leave to the plaintiff to amend on pay-
ment of costs, the sum allowed by § 307, sub. 2 of the Code, "for all pro-
ceedings before notice of trial," must be included in the costs so paid by the
plaintiff.

Continuing term fees cannot be allowed upon an issue of law on demurrer,
in this court, where the calendar of such issues is at each term called com-
pletely through, and the parties afforded full opportunity to dispose of the
case.

THIS was an appeal from an order at special term, affirming
an adjustment of costs.

The plaintiff sued, in the one action, the appellant as sure-
ty, and his co-defendants as principals, to recover rent due
upon a landlord and tenant's agreement. The agreement
was executed by the co-defendants; and a guaranty, printed
at the foot thereof, was signed by the appellant. A demur-
rer, interposed by the appellant, was sustained by the court,
and judgment was directed in his favor, with the usual leave
to the plaintiff to amend on payment of costs.

The appellant served a bill of costs, with the following
items :

| | |
|---|---:|
| For all proceedings before notice of trial, (a) . . | $5 00 |
| Subsequent proceedings, before trial of issue of law, (b) . . . . . . . . | 7 00 |
| Costs of nine terms, for all of which the plaintiff noticed the cause, . . . . . . | 90 00 |
| Trial fee, . . . . . . . . | 15 00 |
| Disbursements, . . . . . . . | 1 47 |
| | $118 47 |

(a) (b) Under the amendments to the Code of Procedure, passed in April,
1857, these items would now be $10 respectively.—REP.

The parties appeared before the clerk and afterwards before the judge at special term, where the first and third items were disallowed.

*Joseph S. Carpentier*, for the appellant.

*E. Delafield Smith*, for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—The papers submitted in this case do not distinctly show for what purpose the costs were adjusted, but I conclude from the points that the question arises as to what costs the plaintiff should pay on amending his complaint, after a demurrer to it had been sustained.

Two items were disallowed upon adjustment; one was for proceedings before notice of trial, and the other costs of nine terms at $90.

If the defendant was about to enter up judgment against the plaintiff after the decision on the demurrer, the first item was properly allowable.

I am also inclined to think that it is to be allowed if the plaintiff elects to amend. The Code allows it for proceedings before notice of trial. Although that was mainly in reference to a case where an issue of fact has been tried, still it is fairly included in the costs of the demurrer.

It is the only item allowed for pleadings to the plaintiff for his complaint, to the defendant for his answer, and in the present case to the defendant for his demurrer. The costs of drawing, &c., of the demurrer, were taxable before the Code, and nothing in the practice now alters that rule. Whatever, therefore, is intended to pay for this pleading in the present fee bill, should be allowed. As the plaintiff consents that this item should be allowed on the appeal, it is unnecessary to discuss it further.

The other item for term fees was properly disallowed. It does not appear from the papers whether it was on the trial or argument calendar. If on the trial calendar, (which I sup-

pose was not the case here,) it was not chargeable as part of the costs on the demurrer.

If on the argument calendar, it would be taxable if the cause was not reached or postponed, and not otherwise. We have repeatedly so decided. In this court there never has been, to my knowledge, since the present arrangement of our terms, an instance in which the special term calendar has not been called, and in which every cause in it could not have been heard if the parties so elected. No case has occurred where every cause upon it has not been reached. If parties will not dispose of their cases when so reached, they are not entitled to the costs of the term. Either party may notice, and either party so noticing may have the opportunity of disposing of his case, if he sees fit, at the commencement of the term. If he neglects so to do, he loses the costs of the term. There is no ground whatever upon which the court can allow it, without counteracting the very object of the statute.

The adjustment of costs must be corrected by allowing the first item, for proceedings before notice of trial.

No costs allowed on this appeal.

Ordered accordingly.